IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST D. ACKRIDGE,

        Plaintiff,

vs.                                        Civ. No. 97-1420 BB/WWD

FURR'S SUPERMARKETS, INC.,

        Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel [docket no. 21] filed May 19, 1998. Plaintiff seeks an order directing Defendant to answer interrogatories number 6, 8, 9 and 10, which interrogatories were served on Defendant on March 31, 1998. Defendant objects to interrogatories 6, 8, 9 and 10. Defendant alleges that each interrogatory is overly broad, unduly burdensome, seeks irrelevant information, and is invasive of the privacy rights of former or current employees. Additionally, with respect to interrogatory 6, Defendant raises question of notice and the right to be present in the event that any management or former management officials of Defendant are to be contacted by Plaintiff.

I have reviewed the interrogatories in question and the submissions of counsel. I am not persuaded that the questions are overly broad or unduly burdensome. Additionally, it is entirely possible that the information sought could lead to admissible evidence. Defendant appears to be willing to abandon its "privacy" argument if Plaintiff limits the scope of interrogatories 8, 9, and 10 to two stores. Plaintiff indicated in the memorandum filed in support of his motion that he "will not contact any such employee that is an agent or in management of Furr's." I will limit the geographical scope of the interrogatories to the city limits of Albuquerque, New Mexico. Otherwise, complete answers to Interrogatories 6, 8, 9, and 10 should be served on or before June 12, 1998.

-1-

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE